[Cite as *Maxim Ents., Inc. v. Haley*, 2013-Ohio-3348.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

MAXIM ENTERPRISES, INC.

    Plaintiff

    v.

STEPHEN T. HALEY, et al.

    Defendants

    and

STEPHEN T. HALEY

    Appellant

    v.

STEPHEN A. MAXIM, et al.

    Third-Party Defendants

    and

BAC FIELD SERVICES CORPORATION

    Appellee

C.A. No.     26348

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2008-07-5093

DECISION AND JOURNAL ENTRY

Dated: July 31, 2013

MOORE, Presiding Judge.

{¶1} Defendant Stephen T. Haley appeals from the judgment of the Summit County Court of Common Pleas. We reverse and remand this matter for further proceedings consistent with this opinion.

I.

{¶2} Countrywide Field Services ("Countrywide") provided real property inspections and maintenance services to mortgage servicers. Countrywide contracted with Maxim Enterprises, Inc. ("Maxim") to provide these services on properties located in Ohio. Maxim subcontracted this work to several subcontractors. The subcontractors claimed to have provided services to the properties, but denied having received payment from Maxim. Mr. Haley entered into agreements with the subcontractors, wherein the subcontractors assigned their accounts receivable and claims to Mr. Haley. Mr. Haley claimed that he contacted Maxim for payment and that Maxim responded that it had not provided payment to the subcontractors because Countrywide had not provided payment to Maxim.

{¶3} In 2008, Maxim filed a complaint against several parties, including Mr. Haley, wherein Maxim alleged that Mr. Haley engaged in tortious interference with a business relationship and civil conspiracy. Thereafter, Mr. Haley filed a third-party complaint against several parties, including Countrywide. This initial third-party complaint was dismissed in 2009. Later that year, Mr. Haley again filed a third-party complaint against several parties, including "Bank of America fka Countrywide Field Services Corporation," ("Bank of America"). Bank of America failed to answer the third-party complaint, and Mr. Haley moved for default judgment, which the trial court granted in 2010.

{¶4} On April 16, 2010, Mr. Haley filed a praecipe for a writ of execution against Bank of America dba Merrill Lynch. On April 28, 2010, "BAC Field Services Corporation" ("BAC") filed a motion to stay execution of judgment. In its motion, BAC argued, in part, that it was also known as "Bank of America Field Services," but it was "improperly named in the third party complaint * * * as 'Bank of America f/k/a Countrywide Field Services Corporation[.]'" BAC

requested the court to stay the proceedings to enforce the judgment pending the disposition of a motion brought pursuant to Civ.R. 60. BAC then filed its Civ.R. 60(B) motion, in which it again argued, in part, that it was incorrectly named in the third-party complaint as "Bank of America fka Countrywide Field Services Corporation[.]" BAC maintained that "Bank of America" was a non-entity, and that Bank of America *Corporation* was its parent company and was never known as "Countrywide Field Services Corporation."

{¶5} The trial court granted BAC's motion in an order dated June 18, 2010. Mr. Haley then attempted to appeal from the June 18, 2010 order, and we dismissed his appeal for lack of a final appealable order. *See Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 25459, 2011-Ohio-6734. Thereafter, the trial court issued another order granting BAC's motion to vacate the default judgment, and including language that there was "no just reason for delay" pursuant to Civ.R. 54(B). Mr. Haley timely filed an appeal from the trial court's order, and he now presents one assignment of error for our review.

II.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN VACATING THE DEFAULT JUDGMENT AGAINST BANK OF AMERICA F/K/A COUNTRYWIDE FIELD SERVICES AS A NON-ENTITY AS IT OPERATED AS SUCH AND IT ENTIRELY DISREGARDED THE JUDICIAL PROCESS.

{¶6} In his sole assignment of error, Mr. Haley argues that the trial court erred in granting BAC's motion to vacate judgment against "Bank of America fka Countrywide Field Services Corporation."

{¶7} In its order granting BAC's motion to vacate the judgment, the trial court ruled as follows:

The [c]ourt is satisfied that [Mr.] Haley's default judgment is against a non-entity, to wit: Bank of America fka Countrywide Field Services. BAC Field Services Corporation has now appeared in the instant litigation and appears prepared to defend itself against [Mr.] Haley's claims. The Court finds in the interest of justice that the March 17, 2010 default judgment against Bank of America fka Countrywide Field Services shall be vacated and held for naught.

{¶8} We conclude that, due to apparent inconsistencies in the trial court's reasoning above, we are unable to review the trial court's order.

{¶9} As set forth above, BAC moved the court to dismiss the complaint pursuant to Civ.R. 60(B). The decision to grant a Civ.R. 60(B) motion lies within the sound discretion of the trial court. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987). Therefore, the standard of review on appeal is an abuse of discretion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19-20 (1996). The phrase "abuse of discretion" implies that the trial court was unreasonable, arbitrary or unconscionable in its judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶10} Civ.R. 60(B) states, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶11}** In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶12}** Only parties to an action may request relief from judgment pursuant to Civ.R. 60(B), as the Eleventh District has explained:

> The opening sentence of Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve *a party or his legal representative* from a final judgment, order or proceeding * * *." (Emphasis added.) From this language, it has been held that a person or entity who is neither a party nor a legal representative of a party may not properly obtain relief from a judgment by way of Civ.R. 60(B), unless that person or entity first becomes a party through intervention under Civ.R. 24. *See Hardman v. Chiaramonte*, 39 Ohio App.3d 9, 10 (9th Dist.1987) (holding that the administrator of an estate could not file a Civ.R. 60(B) motion in a parentage action when he had never made a motion to intervene as a party in the action); *Pliable Veneers, Inc. v. Omni Store Fixtures Corp.*, 6th Dist. Lucas No. L-96-145, 1997 WL 276214, *3 (May 23, 1997), fn. 5, (stating that a corporation could not file a Civ.R. 60(B) motion in an action in which it was not a party).

*Nicholas v. State Farm Ins.*, 11th Dist. Trumbull No. 99-T-0030, 2000 WL 757355, *4 (June 9, 2000).

**{¶13}** The record before us does not disclose any mechanism by which BAC appeared as a party below.

**{¶14}** In its motion, BAC claimed that its security guard had received the re-filed third-party complaint, but, despite protocol requiring BAC employees to forward legal documents to the company's legal department, BAC attorneys never received the third-party complaint. BAC claimed this constituted excusable neglect pursuant to Civ.R. 60(B)(1). BAC further set forth that its motion was timely, and it provided several defenses which it claimed would be

meritorious. BAC also set forth that the default judgment was granted against "Bank of America," which was a non-entity.

{¶15} Despite BAC's primary reliance on Civ.R. 60(B) in its motion, it does not appear from the trial court's judgment that the court applied the three *GTE* prongs in vacating the default judgment. Instead, it appears that the trial court vacated the judgment because it was issued against a "non-entity." "It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued." *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574 (1992). "If a defendant in a lawsuit is not an actual or legal entity, then any judgment rendered against that entity is void." *Id.* at 576, citing *Cobble v. Farmer's Bank*, 630 Ohio St. 528 (1900). "The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio Courts." *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531, *2 (June 7, 2000), quoting *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus.

{¶16} Therefore, on one hand, because the trial court held that "BAC" had now "appeared" and was prepared to defend itself against Mr. Haley's claims, it appears that the trial court accepted BAC's pleadings as constituting pleadings of the named party, Bank of America. *See* R.C. 1329.10(C) ("[a]n action may be commenced or maintained against the user of a trade name or fictitious name * * *"), and *Family Medicine Found., Inc. v. Bright*, ("*Bright I*"), 96 Ohio St.3d 183, 2002-Ohio-4034 (concluding that default judgment rendered against "The Thomas E. Rardin Family Practice Center" was enforceable against "FMF" because FMF utilized "The Thomas E. Rardin Family Practice Center" in carrying on its business). If this is the case, then BAC would have been required to meet all three prongs of the *GTE* test for the trial court to vacate the judgment pursuant to Civ.R. 60(B). *Family Medicine Found., Inc. v.*

*Bright*, 10th Dist. No. 05AP-835, 2006-Ohio-5037, ¶ 8-12 (considering FMF's Civ.R. 60(B) motion, which trial court denied after remand from *Bright I*).

**{¶17}** On the other hand, it appears that the trial court vacated judgment based only upon its finding that Bank of America was a non-entity, in accordance with the trial court's inherent authority to vacate a void judgment. *See Thomas* at *2. However, if this is the case, then we cannot discern how BAC could have "appeared" in the instant action without having filed a motion to intervene in accordance with Civ.R. 24, which it did not. Therefore, there is an inconsistency in the trial court's judgment that must be resolved to facilitate our review.

**{¶18}** Because we cannot determine the basis that the trial court utilized in vacating default judgment, we remand the cause, with an instruction that the trial court clarify its reasoning.

III.

**{¶19}** The judgment of the Summit County Court of Common Pleas is reversed, and the matter is remanded with the instruction that the court set forth its reasoning in vacating its default judgment.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
CARLA MOORE
FOR THE COURT

BELFANCE, J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JEFFREY C. MILLER, Attorney at Law, for Appellant.

JAMES S. WERTHEIM and MONICA LEVINE LACKS, Attorneys at Law, for Appellee.