[Cite as *Sutton v. Sutton*, 2017-Ohio-5559.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RODD SUTTON

    Appellee

    v.

VICTORIA SUTTON, et al.

    Appellees

and

ENTITLE, LLC

    Appellant

C.A. No.     28393

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2006-08-4953

DECISION AND JOURNAL ENTRY

Dated: June 28, 2017

CARR, Judge.

{¶1} Appellant, EnTitle L.C.C., appeals the judgment of the Summit County Court of Common Pleas. This Court affirms

I.

{¶2} This case has a lengthy procedural history that dates back to 2006 when Rodd Sutton sued his ex-wife, Victoria Douglas (f.k.a. Victoria Sutton). Subsequent to the filing of the complaint, Ms. Douglas conveyed a parcel of real estate to her mother, Rosemary Douglas. Mr. Sutton amended his complaint to add a claim for fraudulent conveyance against Victoria and Rosemary Douglas. After a jury trial, Mr. Sutton was awarded significant monetary judgments against both his ex-wife and her mother. In 2012, Mr. Sutton filed a motion to amend the 2010

judgment to order that a lien be placed on the property located at 3093 Ghent Ct., Akron, Ohio. Mr. Sutton asserted that an amendment to the judgment was necessary to allow him to pursue foreclosure against the property under the doctrine of lis pendens in order to execute the judgment. The trial court subsequently filed an order stating that it could not rule on the motion because Rosemary Douglas filed a petition for bankruptcy in the U.S. Bankruptcy Court for the Middle District of Florida. Having determined that it would be inappropriate to rule on the motion to amend the judgment, the trial court stated that it would hold the motion in abeyance until the bankruptcy stay was lifted.

{¶3}   On August 29, 2016, EnTitle L.C.C., filed a motion to intervene in the action pursuant to Civ.R. 24(A). Therein, EnTitle argued that it was the current title holder on the Ghent Ct. property at issue. Though EnTitle attached a brief in support of its claim, as well as various exhibits, it did not file a pleading along with its motion. Mr. Sutton promptly filed a memorandum in opposition to the motion. The trial court issued an order denying the motion to intervene on September 12, 2016.

{¶4}   On appeal, EnTitle raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT ENTITLE, LLC'S MOTION TO INTERVENE.

{¶5}   In its sole assignment of error, EnTitle argues that the trial court abused its discretion in denying the motion to intervene. This Court disagrees.

{¶6}   The decision to grant or deny a motion to intervene is within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Kayatin v. Petro*, 9th Dist. Lorain No. 06CA008934, 2007-Ohio-334, ¶ 9. *But see, In re M.N.*, 9th Dist.

Wayne No. 07CA0088, 2008-Ohio-3049, ¶ 5 (maintaining that the denial of a motion to intervene as of right should be reviewed de novo). The result in this matter is the same under either standard of review.

{¶7} "Civ.R. 24 provides for both intervention as of right and permissive intervention. Civ.R. 24(A), (B). Irrespective of the basis upon which a party seeks to intervene, the party must comply with the procedural requirements set forth in Civ.R. 24(C)[.]" *Univ. of Akron v. Nemer*, 9th Dist. Summit No. 24494, 2009-Ohio-2681, ¶ 6.

{¶8} Civ.R. 24(C) states:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

Civ.R. 7(A) defines a pleading as "a complaint and an answer" and further specifies that no other pleading will be permitted. It is well settled that a party's failure to file a pleading in compliance with Civ.R. 24(C) is fatal to a motion to intervene. *Nemer* at ¶ 6, citing *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 144 (1995); *Summit Cty. Fiscal Officer v. Estate of Barnett*, 9th Summit Dist. No. 24456, 2009-Ohio-2456, ¶ 14; *State ex rel. Boston Hills Property Invests., LLC v. Boston Hts.*, 9th Dist. Summit No. 24205, 2008-Ohio-5329, ¶ 6. *See also Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, ¶ 11.

{¶9} The trial court properly denied the motion to intervene in this case. As noted above, EnTitle's motion contained a memorandum in support as well as numerous exhibits. Significantly, however, the motion to intervene was not accompanied by a pleading as required by Civ.R. 24(C). A party seeking intervention cannot prevail on a motion to intervene when the motion is not accompanied by a pleading. *Nemer* at ¶ 7 (holding that "the trial court should have

denied [the] motion based solely on the omission of a pleading[]). Under these circumstances, the trial court properly denied the motion to intervene.

{¶10} EnTitle's assignment of error is overruled

III.

{¶11} EnTitle's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRADLEY P. TOMAN, Attorney at Law, for Appellant.

TIMOTHY H. HANNA, Attorney at Law, for Appellee.

LARRY D. SHENISE, Attorney at Law, for Appellees.

JAMES M. CAMPBELL and JULIET K. FALCONE, Attorneys at Law, for Appellees.