[Cite as *Maxim Ents., Inc. v. Haley*, 2018-Ohio-72.]

| | |
|---|---|
| STATE OF OHIO ) | IN THE COURT OF APPEALS |
| )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT ) | |

MAXIM ENTERPRISES, INC.

    Plaintiff

    v.

STEPHEN T. HALEY, et al.

    Defendants

    and

STEPHEN T. HALEY

    Appellant

    v.

STEPHEN A. MAXIM, et al.

    Third-Party Defendants

    and

BAC FIELD SERVICES CORPORATION

    Appellee

C.A. No.    28126

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2008 07 5093

DECISION AND JOURNAL ENTRY

Dated: January 10, 2018

---

CARR, Judge.

{¶1}    Appellant Stephen Haley appeals, pro se, from the judgment of the Summit County Court of Common Pleas. This Court reverses and remands the matter for further proceedings.

I.

**{¶2}**    This Court has previously summarized the history of this case in a prior appeal:

Countrywide Field Services ("Countrywide") provided real property inspections and maintenance services to mortgage servicers. Countrywide contracted with Maxim Enterprises, Inc. ("Maxim") to provide these services on properties located in Ohio. Maxim subcontracted this work to several subcontractors. The subcontractors claimed to have provided services to the properties, but denied having received payment from Maxim. Mr. Haley entered into agreements with the subcontractors, wherein the subcontractors assigned their accounts receivable and claims to Mr. Haley. Mr. Haley claimed that he contacted Maxim for payment and that Maxim responded that it had not provided payment to the subcontractors because Countrywide had not provided payment to Maxim.

In 2008, Maxim filed a complaint against several parties, including Mr. Haley, wherein Maxim alleged that Mr. Haley engaged in tortious interference with a business relationship and civil conspiracy. Thereafter, Mr. Haley filed a third-party complaint against several parties, including Countrywide. This initial third-party complaint was dismissed in 2009. Later that year, Mr. Haley again filed a third-party complaint against several parties, including "Bank of America fka Countrywide Field Services Corporation," ("Bank of America"). Bank of America failed to answer the third-party complaint, and Mr. Haley moved for default judgment, which the trial court granted in 2010.

On April 16, 2010, Mr. Haley filed a praecipe for a writ of execution against Bank of America dba Merrill Lynch. On April 28, 2010, "BAC Field Services Corporation" ("BAC") filed a motion to stay execution of judgment. In its motion, BAC argued, in part, that it was also known as "Bank of America Field Services," but it was "improperly named in the third party complaint  * * *  as 'Bank of America f/k/a Countrywide Field Services Corporation[.]'" BAC requested the court to stay the proceedings to enforce the judgment pending the disposition of a motion brought pursuant to Civ.R. 60. BAC then filed its Civ.R. 60(B) motion, in which it again argued, in part, that it was incorrectly named in the third-party complaint as "Bank of America fka Countrywide Field Services Corporation[.]" BAC maintained that "Bank of America" was a non-entity, and that Bank of America Corporation was its parent company and was never known as "Countrywide Field Services Corporation."

The trial court granted BAC's motion in an order dated June 18, 2010. [Subsequently, BAC filed an answer to the third party complaint and cross claims against Maxim.] Mr. Haley then attempted to appeal from the June 18, 2010 order, and we dismissed his appeal for lack of a final appealable order. *See Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 25459, 2011-Ohio-6734. [While the appeal was pending, BAC filed a motion for judgment on the pleadings, which it renewed following the dismissal of the appeal.] Thereafter, the trial court issued another order granting BAC's motion to vacate the default

judgment, and including language that there was "no just reason for delay" pursuant to Civ.R. 54(B).

*Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348, ¶ 2-5.

{¶3} Mr. Haley appealed arguing "that the trial court erred in granting BAC's motion to vacate judgment against 'Bank of America fka Countrywide Field Services Corporation.'" *Id.* at ¶ 6.

> In its order granting BAC's motion to vacate the judgment, the trial court ruled as follows: "The [c]ourt is satisfied that [Mr.] Haley's default judgment is against a non-entity, to wit: Bank of America fka Countrywide Field Services. BAC Field Services Corporation has now appeared in the instant litigation and appears prepared to defend itself against [Mr.] Haley's claims. The Court finds in the interest of justice that the March 17, 2010 default judgment against Bank of America fka Countrywide Field Services shall be vacated and held for naught."

*Id.* at ¶ 7.

{¶4} In resolving the appeal, we stated that, "[d]espite BAC's primary reliance on Civ.R. 60(B) in its motion, it d[id] not appear from the trial court's judgment that the court applied the three *GTE* prongs in vacating the default judgment. Instead, it appear[ed] that the trial court vacated the judgment because it was issued against a 'non-entity.'" *Id.* at ¶ 15. We noted that "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio Courts." (Internal quotations and citations omitted.) *Id.*

{¶5} "Therefore, on one hand, because the trial court held that 'BAC' had now 'appeared' and was prepared to defend itself against Mr. Haley's claims," it appeared that the trial court accepted BAC's filings as constituting filings of the named party. *Id.* at ¶ 16. We concluded that, if that was in fact the intent of the trial court, "then BAC would have been required to meet all three prongs of the *GTE* test for the trial court to vacate the judgment pursuant to Civ.R. 60(B)." *Id.*

{¶6} "On the other hand, it appear[ed] that the trial court vacated [the] judgment based only upon its finding that Bank of America was a non-entity, in accordance with the trial court's inherent authority to vacate a void judgment." *Id.* at ¶ 17. However, if that was the trial court's intent, we failed to see "how BAC could have 'appeared' in the instant action without having filed a motion to intervene in accordance with Civ.R. 24, which it did not." *Id.* Accordingly, "[b]ecause we [could not] determine the basis that the trial court utilized in vacating [the] default judgment, we remand[ed] the cause, with an instruction that the trial court clarify its reasoning." *Id.* at ¶ 18.

{¶7} Upon remand, Mr. Haley filed a motion to reinstate the default judgment and a motion to strike all motions and pleadings filed by BAC as it failed to move to intervene pursuant to Civ.R. 24. Following reassignment to a different judge, the trial court requested supplemental briefing. After additional briefing, the trial court concluded that Mr. Haley's "judgment was issued against a non-entity" and therefore "ordered that [the] March 17, 2010 default judgment against Bank of America * * * is void and * * * vacated." Mr. Haley appealed, and this Court dismissed the appeal in light of the absence of Civ.R. 54(B) language. *Maxim Ents. v. Haley*, 9th Dist. Summit No. 28030 (Feb. 2, 2016). Thereafter, the trial court reissued its previous entry and included Civ.R. 54(B) language.

{¶8} Mr. Haley has appealed, raising three assignments of error, which will be addressed out of sequence to facilitate our review.

II.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR WHEN IT ALLOWED BAC FIELD SERVICES CORPORATION ("BACFSC") TO APPEAR AND FILE PLEADINGS AND MOTIONS, TO INCLUDE A MOTION TO VACATE THE JUDGMENT AGAINST "BANK OF AMERICA"

WHEN BACFSC HAD NOT PROPERLY INTERVENED IN THE LAWSUIT AS REQUIRED BY [CIV.R.] 24(A)(2) * * * CAUSING BACFSC'S MOTION TO VACATE JUDGMENT AGAINST "BANK OF AMERICA" TO NOT BE PROPERLY BEFORE THE COURT.

{¶9} Mr. Haley asserts in his third assignment of error that the trial court erred in vacating the default judgment as BAC, a non-party, failed to file a motion to intervene in the lawsuit. Accordingly, he argues that BAC's filings in the trial court should be stricken. We agree.

{¶10} As noted above, Mr. Haley named Bank of America as a third-party defendant in his re-filed third-party complaint. There appears to be no dispute that BAC was not named as a party to this action. The record also discloses that BAC did not ever move to intervene in the action. Nonetheless, BAC filed several documents in the trial court, including the motion for relief from default judgment pursuant to Civ.R. 60(B) and the supplemental briefs. It is also clear from the record that, in vacating the default judgment, the trial court relied on information supplied by BAC in its filings.

{¶11} BAC argues that, because the trial court found the default judgment void and vacated it pursuant to its inherent authority, and not based upon Civ.R. 60(B), it was not necessary for BAC to move to intervene, or if it was, any failure by it to do so was harmless. BAC also appears to argue that the trial court could have construed its filings as a motion to intervene. We are not persuaded by BAC's argument or the cases it has cited, which are not controlling and/or are distinguishable.

{¶12} We do not dispute that courts have the inherent power to vacate void judgments; we said as much in the prior appeal. *See Maxim Ents., Inc.*, 2013-Ohio-3348, at ¶ 15, quoting *Thomas v. Fick*, 9th Dist. Summit No. 19595, 2000 WL 727531, * 2 (June 7, 2000) ("The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an

inherent power possessed by Ohio Courts."). However, the issue before this Court is whether the filings that the trial court relied on in determining the default judgment was void were properly before the trial court in the first place. This Court stated in the prior appeal that if the trial court was vacating the default judgment pursuant to its inherent authority to vacate a void judgment, we failed to see "how BAC could have 'appeared' in the instant action without having filed a motion to intervene in accordance with Civ.R. 24, which it did not." *Maxim Ents., Inc.*, 2013-Ohio-3348, at ¶ 17. Inherent within that statement was the notion that BAC, if it was a non-party, could not have inserted itself into the litigation absent filing a motion to intervene. Further, BAC has pointed to no authority on point stating that a motion to intervene is unnecessary under the facts of this case.

{¶13} Moreover, there is also nothing in the record to suggest that the trial court construed BAC's motion for relief for judgment, or its supplement, as a motion to intervene, or that it should have so construed BAC's motion.

{¶14} "Civ.R. 24 provides for both intervention as of right and permissive intervention. Civ.R. 24(A), (B). Irrespective of the basis upon which a party seeks to intervene, the party must comply with the procedural requirements set forth in Civ.R. 24(C)[.]" (Internal quotations omitted.) *Sutton v. Sutton,* 9th Dist. Summit No. 28393, 2017-Ohio-5559, ¶ 7, quoting *Univ. of Akron v. Nemer*, 9th Dist. Summit No. 24494, 2009-Ohio-2681, ¶ 6. Civ.R. 24(C) provides:

> A person desiring to intervene shall serve a motion to intervene upon the parties as provided in Civ.R. 5. The motion and any supporting memorandum shall state the grounds for intervention and shall be accompanied by a pleading, as defined in Civ.R. 7(A), setting forth the claim or defense for which intervention is sought. The same procedure shall be followed when a statute of this state gives a right to intervene.

{¶15} "Civ.R. 7(A) defines a pleading as 'a complaint and an answer' and further specifies that no other pleading will be permitted. It is well settled that a party's failure to file a pleading in compliance with Civ.R. 24(C) is fatal to a motion to intervene." *Sutton* at ¶ 8.

{¶16} While BAC subsequently filed an answer after the trial court vacated the default judgment, it did not attach a pleading to its motion for relief from default judgment or its supplemental filing, nor did the documents discuss intervention or the standard for granting intervention. *See id.*; *see also State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998) (listing factors to consider when determining whether a motion to intervene is timely). Further, the trial court's judgment entry does not discuss intervention. Based on the foregoing, we cannot conclude that the trial court considered BAC's filing as a motion to intervene, or that it should have so construed the filings.

{¶17} As BAC did not even move to intervene in the action, let alone successfully intervene, its filings were not properly before the trial court. *See Maxim Ents., Inc.*, 2013-Ohio-3348, at ¶ 17. Further, the trial court erred in relying on those filings in vacating the default judgment. BAC's filings are stricken from the record and the judgment of the trial court vacating the default judgment is reversed.

{¶18} Mr. Haley's third assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR WHEN IT HELD THAT THE TRADENAME "BANK OF AMERICA," OWNED AND USED SOLELY BY BANK OF AMERICA CORP., AND BANK OF AMERICA, N.A., IS A NON-ENTITY, WHICH RESULTED FROM THE TRIAL COURT FAILING TO APPLY [R.C.] 1329.10(C) WHICH PERMITS AN ACTION TO BE COMMENCED AGAINST THE USER OF A TRADENAME IN OHIO.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT COMMITTED REVERS[I]BLE ERROR WHEN IT HELD THAT APPELLANT STEPHEN HALEY ("HALEY") HAD NAMED THE WRONG THIRD-PARTY DEFENDANT WHEN HALEY NAMED "BANK OF AMERICA" AS THE DEFENDANT INSTEAD OF BAC FIELD SERVICES CORPORATION ("BACFSC"), AN ERROR WHICH RESULTED FROM THE TRIAL COURT'S FAILURE TO APPLY [R.C.] 1701.82(A)(4) WHICH PERMITS "BANK OF AMERICA" TO BE NAMED IN PLACE OF "COUNTRYWIDE FIELD SERVICES CORP" AS A RESULT OF "BANK OF AMERICA'S" COMPLETE ACQUISITION OF COUNTRYWIDE FINANCIAL CORP ON JULY 1, 2008.

{¶19} Mr. Haley argues in his first assignment of error that the trial court erred in concluding he had sued a non-entity in his third-party complaint. Mr. Haley argues in his second assignment of error that the trial court erred in determining that he had named the wrong entity in his third-party complaint.

{¶20} Based upon this Court's disposition of Mr. Haley's third assignment of error, we conclude that these two assignments of error are not properly before us at this time and will not be addressed.

III.

{¶21} Mr. Haley's third assignment of error is sustained and we decline to address his first and second assignments of error. The judgment of the Summit County Court of Common Pleas is reversed and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

STEPHEN T. HALEY, pro se, Appellant.

BROOKE TURNER BAUTISTA, Attorney at Law, for Appellee.