[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haley v. Davis,* Slip Opinion No. 2016-Ohio-534.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-534

THE STATE EX REL. HALEY, APPELLANT *v.* DAVIS, JUDGE APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Haley v. Davis,* Slip Opinion No. 2016-Ohio-534.]

*Prohibition and procedendo—Judge did not patently and unambiguously lack jurisdiction to vacate judgment—Court of appeals' judgment denying writs of prohibition affirmed—Petition for writ of procedendo is moot because seeks to compel performance of duty that has already been performed.*

(No. 2014-2128—Submitted August 11, 2015—Decided February 17, 2016.)

APPEAL from the Summit County Court of Appeals No. 27248.

_____

**Per Curiam.**

{¶ 1} We affirm the Ninth District Court of Appeals' denial of the petition for writs of prohibition.  The trial court does not patently and unambiguously lack jurisdiction to make the rulings in this case, an appeal provides an adequate remedy in the ordinary course of the law, and therefore a writ of prohibition is inappropriate.  In addition, we dismiss the appeal insofar as it challenges the court

of appeals' denial of a petition for a writ of procedendo, because the trial court's entry of October 29, 2015, renders moot the request for a writ of procedendo.

*Facts*

**{¶ 2}** Appellant, Stephen T. Haley, is a party in a complicated underlying matter dealing with mortgage servicers, *Maxim Ents., Inc. v. Haley*, in the Summit County Court of Common Pleas, case No. CV-2008-07-5093. In March 2010, Haley was granted a default judgment against Bank of America because it failed to answer his third-party complaint. Haley then filed a praecipe for a writ of execution against Bank of America. Another entity, BAC Field Services ("BAC") (which Haley claims is not a party to the underlying lawsuit), filed a motion to stay the execution of judgment and a Civ.R. 60(B) motion for relief from judgment. BAC claims that the entity Haley sued does not exist and that BAC is the party that should have been named in the third-party complaint. The trial court granted the motions, and Haley appealed. The court of appeals reversed the judgment because it could not determine on what basis the motions had been granted, and it remanded the case with the instruction that the trial court clarify its reasoning. *Maxim Ents., Inc. v. Haley*, 9th Dist. Summit No. 26348, 2013-Ohio-3348.

**{¶ 3}** Haley then moved the trial court to reinstate the default judgment. At the time that Haley filed his motion, Judge Jane Davis had recently been appointed to replace the judge who had previously been assigned the case. When the trial court had not ruled on the motion some months later, Haley filed this original action in the court of appeals, requesting writs of prohibition barring the trial court from vacating the default judgment except under Civ.R. 60(B) and barring BAC from appearing in the case because it had not moved to intervene. Haley also requests a writ of procedendo ordering the trial court to comply with the court of appeals' remand instruction to clarify its earlier decision.

**{¶ 4}** The court of appeals denied the writs, holding that (1) a trial court has inherent jurisdiction to vacate a judgment, (2) appeal is an adequate remedy to

challenge a court's allowing a nonparty to appear, and (3) Judge Davis had not excessively delayed a ruling. The court of appeals also denied Haley's motion for sanctions.

**{¶ 5}** Haley appealed to this court.

**{¶ 6}** After this appeal was filed, the trial court (now Judge Tammy O'Brien is assigned to the case) issued a judgment entry dated October 29, 2015, again vacating the March 2010 default judgment and responding to the court of appeals' instruction on remand to clarify its reasoning. The trial court held that Haley's third-party complaint had been filed against a nonentity and that the default judgment that was rendered against that nonentity was void ab initio.

*Analysis*

**Procedendo**

**{¶ 7}** The trial court has now acted on Haley's motion to issue an order on the court of appeals' remand. A writ of procedendo will not issue to compel the performance of a duty that has already been performed. *State ex rel. Hazel v. Bender*, 129 Ohio St.3d 496, 2011-Ohio-4197, 954 N.E.2d 114, ¶ 1; *State ex rel. Howard v. Skow*, 102 Ohio St.3d 423, 2004-Ohio-3652, 811 N.E.2d 1128, ¶ 9; *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 703 N.E.2d 304 (1998). Thus, Haley's petition for a writ of procedendo is now moot, and we dismiss the portion of the appeal related to the denial of the petition for a writ of procedendo.

**Prohibition**

**{¶ 8}** To be entitled to a writ of prohibition, Haley must establish that (1) the trial court is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law, *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18, or that the trial court patently and unambiguously lacks jurisdiction, *Chesapeake*

*Exploration, L.L.C. v. Oil & Gas Comm.*, 135 Ohio St.3d 204, 2013-Ohio-224, 985 N.E.2d 480, ¶ 11.

**{¶ 9}** The trial court exercised judicial authority in making the various rulings, including granting BAC's motion to vacate the judgment entry in the underlying case. However, Haley has an alternate remedy at law in that he may appeal the October 29, 2015 entry. In fact, Haley filed a notice of appeal from that judgment on November 30, 2015. Thus, to get a writ, Haley must show that the trial judge patently and unambiguously lacked jurisdiction to rule.

**{¶ 10}** A court of common pleas judge has general jurisdiction to hear the underlying case involving mortgage-service agreements. R.C. 2305.01. The question is whether the judge in this case patently and unambiguously lacked jurisdiction to make the particular rulings in this case. Haley requested writs of prohibition barring the trial court from considering BAC's motions in the case because it had not moved to intervene and barring the trial court from vacating the judgment except under Civ.R. 60(B).

**{¶ 11}** As to the first claim, Haley argues that the trial court lacked jurisdiction to rule on BAC's motions because BAC is not a party. Although it might be considered error for the court to rule on motions filed by a nonparty, *State Farm Mut. Ins. Co. v. Young*, 9th Dist. Summit No. 22944, 2006-Ohio-3812, ¶ 12, the error does not rise to the level of a jurisdictional defect, as BAC has appeared in the action and the judgment was not rendered against BAC, *see, e.g., State ex rel. Doe v. Capper*, 132 Ohio St.3d 365, 2012-Ohio-2686, 972 N.E.2d 553, ¶ 13 ("a ' "trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party to the court proceedings" ' "), quoting *MB West Chester, L.L.C. v. Butler Cty. Bd. of Revision*, 126 Ohio St.3d 430, 2010-Ohio-3781, 934 N.E.2d 928, ¶ 29, quoting *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus.

**{¶ 12}** As to the second claim, Haley argues that the trial court lacks jurisdiction to dismiss his case under the authority of Civ.R. 41(B)(1), as Judge Davis threatened to do in her November 27, 2013 order. Because Haley did not make this argument below, he is precluded from doing so here.

**{¶ 13}** Haley also argues that Judge Davis cannot vacate the March 2010 judgment in his favor "outside the exclusive grounds and procedures outlined in Civ.R. 60(B)." He cites only a court of appeals decision from 1982 for this proposition. *Cale Prods., Inc. v. Orrville Bronze & Aluminum Co.*, 8 Ohio App.3d 375, 378, 457 N.E.2d 854 (9th Dist.1982). That case involved a trial court's modification of a valid, final judgment to increase the award of damages. Noting that the amount of damages, if erroneous, was the type of error normally remedied by appeal, the Ninth District rejected the notion that the trial court had inherent authority to modify its judgment. Unlike in *Cale Prods.*, *Inc.*, however, the default judgment here was a nullity because the lawsuit was brought against a nonentity and pursuant to Civ.R. 3(A), a civil lawsuit is not commenced when filed against an incorrectly named defendant unless the pleading is later amended to name the correct defendant. *Patterson v. V&M Auto Body*, 63 Ohio St.3d 573, 576, 589 N.E.2d 1306 (1992). In more recent authority, Ohio courts have recognized a trial court's inherent authority to vacate a judgment entered against a nonentity. *See Hartley v. Clearview Equine Veterinary Servs.*, 6th Dist. Lucas No. L-04-1163, 2005-Ohio-799, ¶ 9; *Family Medicine Found., Inc. v. Bright*, 10th Dist. Franklin No. 00AP-1476, 2001 WL 722103 (June 28, 2001), *rev'd. on other grounds*, 96 Ohio St.3d 183, 2002-Ohio-4034, 772 N.E.2d 1177. *See also Horman v. Veverka*, 30 Ohio St.3d 41, 42-43, 506 N.E.2d 218 (1987) (acknowledging a trial court's inherent power with respect to its orders and docket). As instructed by the court of appeals, the trial court clarified that it was vacating the March 2010 default judgment because it had been entered against a nonentity.

**{¶ 14}** Judge Davis (and now Judge O'Brien) did not patently and unambiguously lack jurisdiction to vacate a judgment she considered a nullity in a case over which she presided. And if the judgment should not have been vacated, the court of appeals can correct the trial court's error on appeal.

**Motion for sanctions**

**{¶ 15}** In addition to requesting writs, Haley also made a motion for sanctions against Judge Davis and her attorney under Civ.R. 11 and R.C. 2323.51, asserting that she and her attorney filed pleadings that served to harass, were not warranted under existing law, and included factual assertions not supported by the evidence. The court below denied this motion, holding that there was no basis for sanctions. We agree.

**{¶ 16}** Civ.R. 11 specifies that sanctions may be imposed only for willful violations: "For a willful violation of this rule, an attorney or *pro se* party * * * may be subjected to appropriate action, including an award to the opposing party of expenses and reasonable attorney fees incurred in bringing any motion under this rule." R.C. 2323.51 " 'addresses conduct that serves to harass or maliciously injure the opposing party in a civil action or is unwarranted under existing law and for which no good-faith argument for extension, modification, or reversal of existing law may be maintained.' " *Harold Pollock Co., L.P.A. v. Bishop*, 9th Dist. Lorain No. 12CA010233, 2014-Ohio-1132, ¶ 19, quoting *Indep. Taxicab Assn. of Columbus, Inc. v. Abate*, 10th Dist. Franklin No. 08AP-44, 2008-Ohio-4070, ¶ 22.

**{¶ 17}** Haley's argument regarding sanctionable conduct (to the extent he makes it on appeal here) consists of a disagreement regarding whether a March 17, 2010 judgment has been satisfied. Even if the judge and her counsel were mistaken about this fact in their pleadings, Haley has provided no evidence that any misstatements were intentional or that the pleadings were presented for the purpose of harassment or malicious injury. We affirm the court of appeals' denial of sanctions.

6

*Conclusion*

**{¶ 18}** Because the trial court has issued a decision clarifying its reasons for vacating the default judgment, the petition for a writ of procedendo is moot, and we therefore dismiss the appeal insofar as it challenges the court of appeals' refusal to grant that writ. And because the court does not patently and unambiguously lack jurisdiction to proceed and an appeal from the judgment entry provides an adequate remedy in the ordinary course of the law, a writ of prohibition is precluded. Thus, we affirm the court of appeals' judgment denying Haley's petition for writs of prohibition. We also affirm the court of appeals' denial of Haley's motion for sanctions.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Stephen T. Haley, pro se.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen Sims, Assistant Prosecuting Attorney, for appellee.

_____