[Cite as *Askew v. Summit Cty.*, 2024-Ohio-2151.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| LEWIS ASKEW | C.A. No. 30710 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SUMMIT COUNTY, OHIO | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No. CV-2022-04-1250 |

DECISION AND JOURNAL ENTRY

Dated: June 5, 2024

FLAGG LANZINGER, Judge.

{¶1} Lewis Askew appeals the judgment of the Summit County Court of Common Pleas granting Summit County's motion to dismiss. This Court affirms.

I.

{¶2} On July 3, 2019, the parties were involved in a car accident. On July 9, 2020, James Smith, Jr. filed a complaint against Askew and Joseph Brafchak. On August 26, 2020, Askew filed a crossclaim against Joseph Brafchak and "Summit County Fiscal Office[.]" In Summit County Fiscal Office's answer to the crossclaim, it asserted that Summit County Fiscal Office was not a sui juris entity capable of being sued. On October 21, 2021, Askew voluntarily dismissed his crossclaims pursuant to Civ.R. 41(A).

{¶3} On April 21, 2022, Askew refiled his claim against Brafchak and Summit County Fiscal Office. Askew's refiled complaint names Summit County Fiscal Office as the defendant in the caption of the complaint, but names Summit County throughout the body of the complaint.

{¶4} Following a motion to dismiss, Askew filed a motion for leave to plead to file a proposed amended complaint. In his motion Askew sought to correct the name of defendant "Summit County Fiscal Office" to "Summit County" and eliminate Brafchak as a defendant. The trial court granted the motion for leave to plead on December 5, 2022. In accordance with the trial court's order, the amended complaint was deemed filed on December 5, 2022.

{¶5} Summit County filed a Civ.R. 12(B)(6) motion to dismiss Askew's amended complaint, asserting that Askew filed his claims against Summit County for the first time in his December 5, 2022 amended complaint and that his claims were conclusively time-barred. The trial court granted Summit County's motion to dismiss ruling that Askew's action against Summit County commenced on December 5, 2022, which was beyond the applicable two-year statute of limitations. Askew now appeals raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY FOCUSING ON WHETHER THE SUMMIT COUNTY FISCAL OFFICE WAS *SUI JURIS*, RATHER THAN SUMMIT COUNTY ITSELF.**

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED WHEN IT RULED THAT SUMMIT COUNTY HAD PROPERLY RAISED AND PRESERVED THE ISSUE OF WHETHER THE "SUMMIT COUNTY FISCAL OFFICE" WAS A PROPER DEFENDANT.**

## ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED WHEN IT DID NOT ALLOW THE COMPLAINT TO RELATE BACK UNDER THE SAVINGS STATUTE AS THE COURT ERRONEOUSLY DETERMINED THAT SUMMIT COUNTY AND "SUMMIT COUNTY FISCAL OFFICE" WERE SEPARATE ENTITIES.**

**{¶6}** In his first and third assignments of error, Askew argues that he when he filed his original claim against "Summit County Fiscal Office," he sued Summit County. He asserts that the inclusion of "Fiscal Office" in the case's caption was a misnomer. Askew argues he amended his complaint to correct that misnomer, pursuant to Civ.R. 15(C), with permission from the trial court. Askew asserts his amended complaint relates back to the original claim. Askew argues that the trial court erred by focusing on whether Summit County Fiscal Office was a non sui juris entity in determining that his action against Summit County was time-barred. We disagree.

**{¶7}** An appellate court reviews a trial court order granting a motion to dismiss pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 4-5. In reviewing whether a motion to dismiss should be granted, an appellate court must accept as true all factual allegations in the complaint and all reasonable inferences must be drawn in favor of the nonmoving party. *Rossford* at ¶ 5; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." *Apostolos Group, Inc. v. BASF Constr. Chems., L.L.C.*, 9th Dist. Summit No. 25415, 2011-Ohio-2238, ¶ 9, quoting *Raub v. Garwood*, 9th Dist. Summit No. 22210, 2005-Ohio-1279, ¶ 4. Additionally, a court may dismiss a complaint pursuant to Civ.R. 12(B)(6) when "the complaint shows conclusively on its face that the action is time-barred" *Schmitz v. Natl. Collegiate Athletic Assoc.,* 155 Ohio St.3d 389, 2018-Ohio-4391, ¶ 11.

**{¶8}** The parties agreed Summit County Fiscal Office was not a sui juris legal entity with capacity to be sued. "In Ohio, a party is not '*sui juris*' if it does not possess full capacity and rights to sue or be sued." *Urban Necessities 1 Stop Shop, LLC v. City of Cleveland*, N.D.Ohio No. 1:22-

CV-2014, 2023 WL 6383825, *2 (Sept. 29, 2023), citing *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289 (4th Dist.); *see also Estate of Fleenor v. Ottawa Cty.*, 170 Ohio St.3d 38, 2022-Ohio-3581, ¶ 3, fn. 1. The Supreme Court of Ohio has noted that "both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued." *Patterson v. V & M Auto Body*, 63 Ohio St.3d 573, 574 (1992).

{¶9} A lawsuit brought against a non sui juris entity is not commenced pursuant to Civ.R. 3(A) unless the pleading is later amended to name the correct defendant. *State ex rel. Haley v. Davis*, 145 Ohio St.3d 297, 2016-Ohio-534, ¶ 13. The amendment must be completed before the expiration of Civ.R. 3(A)'s one-year allowance for service. *Cecil v. Cottrill*, 67 Ohio St.3d 367, 371 (1993); *Mollette* at ¶ 38. If a sui juris entity is not substituted before the service deadline provided in Civ.R. 3(A), then the complaint falls outside the statute of limitations as to the amended party. *Cecil* at 371.

{¶10} "Summit County Fiscal Office" is a department within the political subdivision of Summit County. Ohio courts have held suing a non sui juris department of a political subdivision is a misidentification of the political subdivision. *See Richardson v. Grady*, 8th Dist. Cuyahoga Nos. 77381, 77403, 2000 WL 1847588, *2 (Dec. 18, 2000) (holding the Cleveland Police Department "was not sui juris. Instead, the real party in interest was the City of Cleveland"); *Saint Torrance v. Firstar*, 529 F.Supp.2d 836, 850 (S.D.Ohio 2007) (holding that the city utility department could not be sued absent statutory authority, and that "City of Cincinnati [was] the real party in interest."); *Mollette*, 2008-Ohio-6342, at ¶ 50 (holding that the Portsmouth City Council is not sui juris, and the real party in interest was the City of Portsmouth.); *McDade v. Cleveland*, 8th Dist. Cuyahoga No. 98415, 2012-Ohio-5515, ¶ 9 (gathering cases and holding that the Cleveland "police department is not sui juris and cannot be sued as a separate entity" from the City

of Cleveland); *City of Cuyahoga Falls v. Robart*, 58 Ohio St.3d 1, 6 (1991) (holding that "[a] city council is not *sui juris* and therefore cannot sue or be sued in its own right, absent statutory authority.").

{¶11} Misidentification occurs when two separate entities exist, and a plaintiff mistakenly sues the incorrect entity.[1] Although Askew asserts that he intended to commence an action against "Summit County," the original case's caption named "Summit County Fiscal Office[.]" The additional words "Fiscal Office" identify a department of Summit County rather than Summit County, a legally distinct political subdivision.

{¶12} Askew argues that the inclusion of the words "Fiscal Office" in the original action was a misnomer, not misidentification of the real party in interest. Askew further asserts that because the error is a misnomer, under Civ.R. 15(C), his amended complaint relates back to his original complaint for purposes of the statute of limitations. Civ.R. 15(C) allows the substitution of a party "to correct a misnomer or to resolve minor errors." *Estate of Finley v. Cleveland Metroparks*, 189 Ohio App.3d 139, 2010-Ohio-4013, ¶ 19 (8th Dist.). "A 'misnomer' is defined as a mistake in a name." *Russin v. Shepherd*, 11th Dist. Geauga No. 2006-G-2708, 2007-Ohio-3206, ¶ 34, quoting *Black's Law Dictionary* 1151 (4th Ed.1968). "The common misnomer case is concerned with substituting a middle initial or substituting 'incorporation' in place of 'company.'" *Caterpillar Fin. Servs. Corp. v. Tatman*, 4th Dist. Ross No. 18CA3646, 2019-Ohio-2110, ¶ 54, quoting *State Farm Mut. Auto. Ins. Co. v. Sandhu Auto Mechanic, Inc.,* 8th Dist. Cuyahoga No.

---

[1] Though there is limited caselaw from Ohio courts making the distinction between misnomer and misidentification, many other courts throughout the nation have made this distinction. *See, e.g.*, *Capital One Bank, N.A. v. Czekala*, 379 Ill.App. 3d 737, 318 Ill.Dec. 934 (3d Dist. 2008); *Cook v. Radford Community Hosp., Inc.*, 260 Va. 443, 536 S.E.2d 906 (2000).

51218, 1986 WL 11655, *1 (Oct. 16, 1986). A typical misnomer case would not create confusion as to the identity of the defendant sought to be sued. *See Cecil*, 67 Ohio St.3d at 371.

{¶13} Because the party named in the case's caption is an existing entity, there is confusion about which party Askew sought to sue. That confusion indicates this is not a typical misnomer case. *See Cecil* at 371. Identifying an existing non sui juris department of a political subdivision, as a party, is not a minor error concerned with "substituting a middle initial or substituting 'incorporation' in place of 'company.'" *See Tatman* at ¶ 54. Naming Summit County Fiscal Office instead of Summit County is better classified as misidentification.

{¶14} Askew asserts that the trial court erred in focusing on whether Summit County Fiscal Office was a non sui juris entity. However, Summit County Fiscal Office's condition as a non-sui juris entity was central to whether Askew misidentified the proper party and whether his amended complaint should relate back. The lawsuit originally brought against "Summit County Fiscal Office," a non sui juris entity, was never properly commenced. Because the lawsuit was never properly commenced, it cannot now relate back after the statute of limitations has expired. *See Patterson*, 63 Ohio St.3d at 576.

{¶15} For the foregoing reasons, Askew's first and third assignments of error lack merit.

{¶16} In his second assignment of error, Askew argues that Summit County failed to properly raise the issue of whether Summit County Fiscal Office was the real party in interest. This Court notes in Askew's original action captioned "Summit County Fiscal Office[,]" the Summit County Fiscal Office answered in its responsive pleading it was "not a sui juris entity capable of being sued under Ohio law." In 2020, Summit County Fiscal Office put Askew on notice that it was a non sui juris entity. Therefore, Askew had sufficient time to amend the complaint and name

the proper party. Askew is responsible for the consequences of his own inaction. *See Estate of Fleenor*, 2024-Ohio-112, at ¶ 17.

**{¶17}** Appellant failed to commence his action upon the proper party within the two-year statute of limitations. Appellant's claims were conclusively time-barred. Consequently, the trial court did not err by dismissing his claims pursuant Civ.R. 12(B)(6). Askew's second assignment of error lacks merit.

**{¶18}** Askew's assignments of error are overruled.

### III.

**{¶19}** Askew's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
CONCURS IN JUDGMENT ONLY.

CARR, J.
DISSENTING.

{¶20} I respectfully dissent from the judgment of the majority as I would conclude the trial court erred in granting the motion to dismiss.

{¶21} The trial court granted the motion to dismiss pursuant to Civ.R. 12(B)(6). "To prevail on a Civ.R. 12(B)(6) motion to dismiss, it must appear on the face of the complaint that the plaintiff cannot prove any set of facts that would entitle him to recover." (Internal quotations and citations omitted.) *Barilla v. Janik*, 9th Dist. Lorain No. 21CA011749, 2023-Ohio-39, ¶ 6. "A complaint may be dismissed under Civ.R. 12(B)(6) for failing to comply with the applicable statute of limitations when the complaint on its face conclusively indicates that the action is time-barred." (Internal quotations and citation omitted.) *Jones v. Terminal Ready-Mix,* 9th Dist. Lorain No. 20CA011657, 2021-Ohio-2164, ¶ 11.

{¶22} Here, the trial court impermissibly relied upon facts outside those contained in the complaint in determining the claims were barred by the statute of limitations. It appears that the trial court took judicial notice of the proceedings in the prior case. This was improper. "It is well established '[t]rial courts will not take judicial notice of their own proceedings in other cases, even though between the same parties and even though the same judge presided. A trial court may only

take judicial notice of prior proceedings in the immediate case." (Internal quotations and citations omitted.) *McAllister v. Myers Industries, Inc.*, 9th Dist. Summit No. 29040, 2019-Ohio-773, ¶ 30.

{¶23} Moreover, even if that were not the case, I would conclude that Mr. Askew did not initially sue an entity that was not capable of being sued; instead, he misnamed Summit County, the entity he was suing. Such an error can be corrected pursuant to Civ.R. 15(C).

APPEARANCES:

PAUL W. NEWENDORP, ANDREW L. MARGOLIUS, and MARKUS S. LYYTINEN, Attorneys at Law, for Appellant.

KEITH HANSBROUGH and JILLIAN L. DINEHART, Attorneys at Law, for Appellee.