[Cite as *State ex rel. Knox v. Gallagher*, 2026-Ohio-2345.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

STATE EX REL. LEO PATRICK
KNOX AND SHANNON MARIE
KNOX

      RELATORS

V.

THE HONORABLE KAREN K.
GALLAGHER

      RESPONDENT

COURT OF APPEALS NO. {86}WM-26-002

## DECISION AND JUDGMENT

Decided:  June 16, 2026

* * * * *

Anaya N. Khan, for relators.

Mark R. Weaver, Ryan C. Spitzer, and Andrew Fraser,
for respondent.

* * * * *

**MAYLE, J.**

{¶ 1} This case is before the court on the March 12, 2026 motion to dismiss filed

by respondent, Judge Karen Gallagher of the Williams County Court of Common Pleas,

Juvenile Division.  Because Judge Gallagher included information from outside of the

pleadings with her motion, on March 25, 2026, we converted the motion to a motion for

summary judgment and gave her and relators, Leo Knox and Shannon Knox, time to file

evidence that complies with Civ.R. 56.[1] Both parties filed memoranda in response to our order. The motion for summary judgment is now decisional. Because the Knoxes cannot show that they are entitled to the requested writs, we grant Judge Gallagher's motion.

{¶ 2} Also before the court is the March 27, 2026 motion for leave to intervene filed by Ina O'Briant, guardian for L.K., mother of the child involved in the underlying dependency case. On March 30, 2026, the Knoxes filed a memorandum in support of O'Briant's motion for leave to intervene. Because we are granting Judge Gallagher's motion for summary judgment and dismissing this case, we deny O'Briant's motion for leave to intervene.

{¶ 3} The final motion pending before the court is the Knoxes' May 27, 2026 "EMERGENCY MOTION TO EXCLUDE RESPONDENT'S UNSERVED MAY 13, 2026 SUPPLEMENTAL SUMMARY-JUDGMENT SUBMISSION, TO REQUIRE PROOF OF SERVICE, AND FOR CONDITIONAL SHOW-CAUSE AND SANCTIONS RELIEF." On May 29, 2026, Judge Gallagher filed a response to the Knoxes' motion, and on June 1, 2026, the Knoxes filed a reply in support of their motion. Because the Knoxes are not entitled to file a response to Judge Gallagher's supplemental summary judgment memorandum and cannot show that they were prejudiced by Judge Gallagher's inadvertent failure to serve her supplemental memorandum, we deny their motion to exclude.

---

[1] The clerk of court did not serve the parties our order converting the motion to dismiss, so we reissued the order on April 29, 2026.

2.

{¶ 4} In Judge Gallagher's motion, she raises three arguments in support of her motion to dismiss the Knoxes' complaint for writs of mandamus and procedendo. First, she argues that the Knoxes lack standing to bring their complaint because they are not parties to the underlying juvenile court case. Next, she argues that the Knoxes' motions are not ripe for review until the foreign child-custody determination is registered and confirmed under R.C. 3127.35, which has not yet happened. Finally, even if the Knoxes correctly filed to register the foreign child-custody determination, there is a 30-day window for contesting the registration that has not yet passed, so the child-custody determination cannot yet be registered and confirmed. For all of these reasons, Judge Gallagher argues that the Knoxes have no legal right to the relief they are seeking, and she has no legal duty to grant it.

### 1. Summary judgment standard

{¶ 5} We can grant a motion for summary judgment only when the moving party demonstrates:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978); Civ.R. 56(C).

{¶ 6} The party seeking summary judgment must specifically delineate the basis upon which the motion is brought and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio

3.

St.3d 280, 293 (1996); *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), syllabus. When a properly supported motion for summary judgment is made, an adverse party may not rest on mere allegations or denials in the pleadings but must respond with specific facts showing that there is a genuine issue of material fact. Civ.R. 56(E); *Riley v. Montgomery*, 11 Ohio St.3d 75, 79 (1984). The opposing party must do so using "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact . . . ." Civ.R. 56(C). A "material" fact is one that would affect the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304 (6th Dist. 1999); *Needham v. Provident Bank*, 110 Ohio App.3d 817, 827 (8th Dist. 1996), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## 2. Standing

{¶ 7} Judge Gallagher first argues that the Knoxes lack standing to bring their mandamus and procedendo complaint. She contends that they do not have a beneficial interest in the underlying dependency proceedings because they are not parties to the dependency case.

{¶ 8} The Knoxes respond that the correct beneficial-interest inquiry is whether they would be directly benefited or injured by a judgment in the underlying case. They claim that they would. They alleged in their complaint that Michigan made them the child's guardians, they filed the guardianship papers in the juvenile court case and sought enforcement of the foreign child-custody determination, and "unresolved motions prevented any judicial determination on participation and enforcement before the court

4.

proceeded toward immediate placement decisions." They contend that these allegations show the direct legal stake necessary to give them standing to pursue these mandamus and procedendo claims. The Knoxes also point out that Judge Gallagher should not be able to ignore her duty to rule on pending motions and then point to their nonparty status (which they imply only exists because Judge Gallagher has not yet ruled on their motion to intervene) to claim they lack standing. Finally, the Knoxes argue that "Ohio law does not permit a court to defer the threshold ruling, allow the resulting exclusion to persist, and then invoke that exclusion as the reason no one may obtain review of the failure to rule."

{¶ 9} In her reply, Judge Gallagher argues that the Knoxes lack standing to bring their mandamus claim because R.C. 2731.02, the mandamus statute, says that mandamus "may issue on the information of the *party* beneficially interested" and the Knoxes are not parties to the underlying juvenile court case. (Emphasis added.) She also claims that the cases the Knoxes cite in support of their position do not establish that they have standing.

{¶ 10} A person lacks standing unless he or she has, in an individual or representative capacity, "some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176 (1973), syllabus. "Traditional standing principles require litigants to show, at a minimum, that they have suffered '(1) an injury that is (2) fairly traceable to the defendant's allegedly unlawful conduct, and (3) likely to be redressed by the requested relief.'" *ProgressOhio.org, Inc. v. JobsOhio*, 2014-Ohio-2382, ¶ 7, quoting *Moore v. Middletown*, 5.

2012-Ohio-3897, ¶ 22. To have standing in a mandamus case, a relator must be "beneficially interested" in the case. *State ex rel. Spencer v. E. Liverpool Planning Comm.*, 80 Ohio St.3d 297, 299 (1997); R.C. 2731.02. "[T]he applicable test is whether relators would be directly benefited or injured by a judgment in the case." *State ex rel. Sinay v. Sodders*, 80 Ohio St.3d 224, 226 (1997). A mandamus or procedendo action brought by a person who lacks standing will be dismissed. *State ex rel. Ames v. Portage Cty. Bd. of Revision*, 2021-Ohio-4486, ¶ 10; *see also State ex rel. Barnes v. Fuerst*, 1999 WL 462335, *1 (8th Dist. July 1, 1999).

{¶ 11} Applying traditional standing principles to the Knoxes' procedendo claims, we find that they have presented sufficient evidence to show that they have standing. They have shown an injury because they are unable to participate in custody proceedings involving their grandchild (who they ostensibly have custody of through the Michigan guardianship proceedings), the injury is fairly traceable to Judge Gallagher's alleged conduct of declining to rule on the Knoxes' motions, and the injury is likely to be addressed by a writ of procedendo compelling Judge Gallagher to rule on the pending motions. Because they can meet the traditional standing test, the Knoxes have standing to pursue their procedendo claim.

{¶ 12} Additionally, the Knoxes will directly benefit from or be injured by a judgment on their mandamus complaint. They have presented some evidence in the form of guardianship papers from Michigan showing that they have a legal right to or a legally protectable interest in custody of the child. *See In re Goff*, 2003-Ohio-6768, ¶ 15 (11th Dist.). They are seeking a writ of mandamus to compel Judge Gallagher to comply with

6.

R.C. 3127.38(C), the statute that requires a hearing on a petition to enforce a foreign child-custody determination. Our decision on their mandamus complaint will directly affect whether and when they get such a hearing. This is sufficient to show that the Knoxes are beneficially interested in the mandamus case. Thus, they have standing to pursue their mandamus claim.

### 3. Procedendo

{¶ 13} Turning to the Knoxes' claim for a writ of procedendo, Judge Gallagher argues that they are not entitled to the writ because they lack a clear legal right to compel her to rule on their motions, and she lacks a clear legal duty to do so. She contends that the Knoxes should have filed their foreign child-custody determination in its own action, rather than in the dependency case, and paid the required fee before the foreign custody determination could be registered, which they did not do.[2] She also argues that R.C. 3127.35(C)(2) requires a 30-day waiting period, during which someone could request a hearing to contest the validity of the custody determination, before the custody determination can be registered, and the Knoxes filed their procedendo complaint before that 30-day period expired. Despite that, Judge Gallagher set the matter for a hearing on March 23, 2026, and the existence of a hearing is an adequate remedy in the ordinary course of law. Finally, Judge Gallagher argues that the Knoxes' motion requesting issuance or denial of an order under R.C. 3127.38(C) is improper because a petition for

---

[2] There is no appropriate Civ.R. 56 evidence before us indicating that the Knoxes did not pay any filings fees associated with the underlying pleadings.

7.

enforcement must be verified and their motion was not verified and cannot be verified until the 30-day window in R.C. 3127.35(C)(2) passes.

{¶ 14} The Knoxes respond that their complaint pleads a viable procedendo claim, a future hearing date does not discharge a court's duty to rule on pending matters and does not moot a procedendo claim, and Judge Gallagher's arguments are essentially her decisions on the merits of the motions pending in the underlying case without the benefit of producing reviewable judgments. They also argue that the hearing date Judge Gallagher set is not an adequate remedy in the ordinary course of law because it simply postponed Judge Gallagher's decisions and, "[u]nder the facts pleaded here, postponement is the injury, because delay itself carried legal consequences before the newly assigned hearing date arrived."

{¶ 15} "A writ of procedendo is an extraordinary remedy in the form of an order from a higher tribunal directing a lower tribunal to proceed to judgment." *State ex rel. Mignella v. Indus. Comm.*, 2019-Ohio-463, ¶ 7. It is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). "A writ of procedendo may be used to compel an inferior, dilatory court to proceed to a final judgment . . . ." *State ex rel. O'Malley v. Russo*, 2019-Ohio-1698, ¶ 32. The writ does not instruct the lower court as to what the judgment should be; it merely instructs the lower court to issue a judgment. *Sherrills* at 462. "A writ of procedendo is appropriate upon a showing of 'a clear legal right to require the trial court to proceed, a clear legal duty on the part of the trial court to proceed, and the lack of an adequate

8.

remedy in the ordinary course of the law.'" *State ex rel. White v. Woods*, 2019-Ohio-1893, ¶ 7, quoting *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9.

{¶ 16} An "inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy." (Internal quotations omitted.) *State ex rel. Rodak v. Betleski*, 2004-Ohio-6567, ¶ 16. However, "[n]either procedendo nor mandamus will generally issue to compel a court to release its decisions promptly." *State ex rel. Nalls v. Russo,* 2002-Ohio-4907, ¶ 31. Nor does procedendo "lie to control or interfere with ordinary court procedure or process." *State ex rel. St. Sava Servian Orthodox Church of Cleveland v. Riley*, 36 Ohio St.2d 171, 174 (1973). Consequently, courts have denied writs of procedendo when the delay is relatively minimal. *Rodak* at ¶ 14. The same is true when a requested hearing has been scheduled. *Page v. Geauga Cty. Probate & Juvenile Court*, 2023-Ohio-2491, ¶ 3.

{¶ 17} In this case, the evidence before us does not demonstrate that Judge Gallagher has refused to render a judgment or has unnecessarily delayed proceeding to judgment, so the Knoxes are not entitled to a writ of procedendo. The exhibits that the Knoxes included with their complaint show that Judge Gallagher filed a notice of hearing for their (properly filed) motion to intervene the same day the motion was filed. That is, Judge Gallagher immediately scheduled the Knoxes' February 23, 2026 motion to intervene for a hearing on March 23, 2026. This shows that the motion to intervene was proceeding through ordinary court procedures or processes, not that Judge Gallagher was delaying or denying a decision on the motion to intervene.

9.

{¶ 18} Regarding the rest of the Knoxes' pending motions, "[a] person seeking to intervene in a court case is a party to the case for the limited purpose of determining whether they have a right to intervene." *RELD & G Ents., Inc. v. Eldanaf*, 2024-Ohio-245, ¶ 14 (8th Dist.); *see also Southside Community Dev. Corp. v. Levin*, 2007-Ohio-6665, ¶ 11 ("[A] person's assertion that it has a legal right to be a party . . . makes it a 'party' . . . for one limited purpose: to seek the court's determination of whether the asserted right exists."). Beyond that, "it is normally error for a trial court to entertain a motion filed by a non-party to the action." *In re Estate of Markovich*, 2006-Ohio-6064, ¶ 11 (9th Dist.); *State ex rel. Haley v. Davis*, 2016-Ohio-534, ¶ 11 ("it might be considered error for the court to rule on motions filed by a nonparty . . ."). The Knoxes filed at least eight motions in Judge Gallagher's court between February 26 and March 5, 2026, which Judge Gallagher could not properly address unless and until the Knoxes were granted leave to join the underlying dependency case as parties. Assuming that any delay was unnecessary, the Knoxes were not entitled to have Judge Gallagher address these motions before they were made parties to the underlying case, so we cannot find that they are entitled to a writ of procedendo based on Judge Gallagher's failure to rule on them.

{¶ 19} Finally, the Knoxes make much of the fact that the shelter care hearing was set for March 5, 2026—before the hearing on their motion to intervene—and claim that they will lose the opportunity to participate in that hearing if Judge Gallagher is not forced to decide their motions before holding a shelter care hearing. But a shelter care hearing, by its very nature, generates impermanent results. As the Supreme Court has said, "[a] shelter care decree is in no sense dispositive; it is interlocutory in nature,

10.

limited in scope and purpose, and temporary in duration. It responds to an emergency—the immediate physical needs of the child—until the court can fully inquire into the facts and decide what is best for the child. A shelter care order is no more than this." *In re Moloney*, 24 Ohio St.3d 22, 25 (1986). A shelter care order is also potentially modifiable at the request of any party to the case. R.C. 2151.415(F). Thus, if the Knoxes are made parties to the case after a shelter care hearing is held, they are still able to request a new shelter care hearing under R.C. 2151.415(F). If they are not made parties to the case, their position is no different whether that decision is made before or after a shelter care hearing. Consequently, their potential ability to participate in the shelter care hearing does not affect their entitlement to a writ of procedendo.

{¶ 20} In sum, after construing the evidence most strongly in the Knoxes' favor, there is no genuine issue of material fact, Judge Gallagher is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion that is adverse to the Knoxes. We grant summary judgment in Judge Gallagher's favor on count one of the Knoxes' complaint.

### 4. Mandamus

{¶ 21} Regarding the Knoxes' claim for a writ of mandamus, Judge Gallagher argues that their request fails because they do not have a clear legal right to have her issue an order under R.C. 3127.38(C) until the 30-day window for contesting registration of the foreign child-custody determination has passed, and she is under no clear legal duty to issue such an order.

{¶ 22} The Knoxes first respond that the statutes do not require a "waiting period" before the court is required to set an enforcement petition for a hearing. They also contend that Judge Gallagher's arguments essentially rewrite the statutes she is relying on. They go on to argue that their complaint alleges that they filed their R.C. 3127.38 petition on February 26, 2026, but, as of March 4, 2026, Judge Gallagher had not set the petition for a hearing on the "next judicial day after service" or on the "first judicial day possible," as the statute requires. This shows that Judge Gallagher did not perform her statutory duty, they claim.

{¶ 23} Mandamus is an extraordinary remedy "to be issued with great caution and discretion and only when the way is clear." *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 166 (1977), citing *State ex rel. Kriss v. Richards*, 102 Ohio St. 455 (1921), and *State ex rel. Skinner Engine Co. v. Kouri*, 136 Ohio St. 343 (1940). A relator seeking a writ of mandamus must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 2012-Ohio-69, ¶ 6. The relator must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Cleveland Right to Life v. State Controlling Bd.*, 2013-Ohio-5632, ¶ 2.

{¶ 24} Here, the Knoxes are seeking a writ of mandamus to compel Judge Gallagher to comply with R.C. 3127.38(C). The statute requires that, upon the filing of a verified petition for enforcement of a child-custody determination, "the court shall issue an order directing the respondent to appear in person with or without the child at a hearing . . . . If possible, the hearing must be held on the next judicial day after service of

12.

the order.  If holding the hearing on that date is impossible, the court shall hold the hearing on the first judicial day possible."  Although the Knoxes focus on the lack of an immediate hearing on their petition, any issues with timing are immaterial because the Knoxes did not comply with the verification requirement of R.C. 3127.38(A), so any duty Judge Gallagher might have had under R.C. 3127.38 did not arise.

{¶ 25} R.C. 3127.38(A) requires that a petition for enforcement of a foreign child-custody decree "must be verified."  "'Verification' means a 'formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document.'"  *Chari v. Vore*, 91 Ohio St.3d 323, 327 (2001), quoting *Black's Law Dictionary* (7th Ed. 1999).  The Knoxes included a notarized "SWORN STATEMENT UNDER PENALTY OF PERJURY" from Shannon with their petition for enforcement, but that statement does not "'swear[] to the truth of the statements in'" the petition.  *Id.*  Instead, Shannon swears that she is the person seeking registration of the Michigan guardianship order and that the guardianship order has not been vacated, stayed, or modified.  Thus, we conclude that the Knoxes' petition for enforcement was not verified, as required by R.C. 3127.38(A).

{¶ 26} In sum, because the Knoxes did not comply with the statutory requirements, Judge Gallagher did not have a duty to set the petition for a hearing on the schedule outlined by R.C. 3127.38(C).  And because Judge Gallagher did not have a clear legal duty, the Knoxes are not entitled to a writ of mandamus compelling Judge Gallagher to set their petition for an immediate hearing.  Thus, after construing the evidence most strongly in the Knoxes' favor, there is no genuine issue of material fact,

13.

Judge Gallagher is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion that is adverse to the Knoxes. We grant summary judgment in Judge Gallagher's favor on count two of the Knoxes' complaint.

### 5. Motion to intervene

{¶ 27} Next, we turn to O'Briant's motion to intervene. Because we are granting Judge Gallagher's motion for summary judgment and dismissing this case, we find that O'Briant's motion is not well-taken and it is denied.

### 6. Motion to exclude

{¶ 28} Finally, we address the Knoxes' motion to exclude Judge Gallagher's supplemental summary judgment memorandum. Although Judge Gallagher concedes that she inadvertently failed to serve the Knoxes' counsel, we find that her oversight was not prejudicial to the Knoxes. The Knoxes were not entitled to file a response to Judge Gallagher's supplemental memorandum, and the four exhibits attached to Judge Gallagher's supplemental memorandum provided background but did not affect the outcome of the case. Because the lack of service did not ultimately affect the Knoxes, we find that their motion to exclude is not well-taken and it is denied.

### 7. Conclusion

{¶ 29} Because Judge Gallagher has shown that there are no genuine issues of material fact and that she is entitled to judgment as a matter of law, we grant her motion for summary judgment on both counts of the Knoxes' complaint. The Knoxes' complaint is hereby dismissed.

14.

{¶ 30} O'Briant's motion to intervene and the Knoxes' motion to exclude are denied.

{¶ 31} The stay issued in Williams County Court of Common Pleas, Juvenile Division, case No. 20263002 is lifted.

{¶ 32} The Knoxes are ordered to pay the costs of this proceeding under App.R. 24.

**To the clerk: Manner of service.**

{¶ 33} The clerk is directed to immediately serve **upon all parties** a copy of this judgment entry in a manner prescribed by Civ.R. 5(B).

{¶ 34} It is so ordered.

Writ dismissed.

Thomas J. Osowik, P.J.

Christine E. Mayle, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.